Amy Lynn Bennecoff Ginsburg (275805)
Kimmel & Silverman, P.C.
30 East Butler Pike
Ambler, PA 19002
Telephone: 215-540-8888
Facsimile: 215-540-8817
aginsburg@creditlaw.com
Attorney for Plaintiff

# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TIFFANY VALENCIA, | Case No.: |
| Plaintiff. | COMPLAINT FOR DAMAGES FOR VIOLATION OF THE TELEPHONE CONSUMER PROTECTION ACT 47 U.S.C. § 227 ET SEQ. |
| v. | |
| CONVERGENT OUTSOURCING, INC., | JURY TRIAL DEMANDED |
| Defendant. | |

## COMPLAINT

TIFFANY VALENCIA ("Plaintiff"), by and through her attorneys, KIMMEL & SILVERMAN, P.C., alleges the following against CONVERGENT OUTSOURCING, INC. ("Defendant"):

## INTRODUCTION

1. Plaintiff's Complaint is based on the Telephone Consumer Protection Act 47 U.S.C. §227, *et seq.* ("TCPA").

## JURISDICTION AND VENUE

2. Jurisdiction of this court arises pursuant to 28 U.S.C. § 1331 grants this court original jurisdiction of all civil actions arising under the laws of the United States. See <u>Mins v. Arrow Fin. Services, LLC</u>, 132 S. Ct. 740, 747, 181 L. Ed. 2d 881 (2012).

3. Defendant conducts business in the State of California and as such, personal jurisdiction is established.

4. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2).

## PARTIES

5. Plaintiff is a natural person residing in Riverside, California 92505.

6. Plaintiff is a "person" as that term is defined by 47 U.S.C. § 153(39).

7. Defendant is a company with its headquarters located at 800 SW 39th St., Renton, WA 98057.

8. Defendant is a "person" as that term is defined by 47 U.S.C. § 153(39).

9. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

10. Plaintiff has a cellular telephone number.

11. Plaintiff only used this number as a cellular telephone number.

12. Defendant placed repeated harassing telephone calls to Plaintiff on her cellular telephone to collect an alleged debt.

13. When contacting Plaintiff on her cellular telephone, Defendant used an automatic telephone dialing system, automated messages, and/or a prerecorded voice.

14. Defendant's calls to Plaintiff's cellular telephone would usually begin with a noticeable delay before Plaintiff was transferred to a collector.

15. Defendant's telephone calls to Plaintiff cellular telephone were not made for "emergency purposes."

16. Shortly after calls began, Plaintiff told Defendant to stop calling her cellular telephone.

17. Defendant heard and acknowledged Plaintiff's request to stop calling, but continued to call her cellular telephone on a repetitive basis.

18. Once Defendant was aware its calls were unwanted, any further calls

could only have been for the purpose of harassment.

19. Plaintiff found Defendant's repeated calls upsetting, harassing and invasive.

20. Upon information and belief, Defendant conducts business in a manner which violates the Telephone Consumer Protection Act.

## COUNT I
## DEFENDANT VIOLATED THE TCPA

21. Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

22. Defendant initiated multiple automated telephone calls to Plaintiff's cellular telephone using a prerecorded voice.

23. Defendant initiated automated calls to Plaintiff using an automatic telephone dialing system.

24. Defendant's calls to Plaintiff were not made for "emergency purposes."

25. Defendant's calls made after Plaintiff told Defendant to stop calling were made without Plaintiff's consent.

26. Defendant's acts as described above were done with malicious, intentional, willful, reckless, wanton, and negligent disregard for Plaintiff's rights under the law and with the purpose of harassing Plaintiff.

- 4 -
PLAINTIFF'S COMPLAINT

27. The acts and/or omissions of Defendant were done unfairly, unlawfully, intentionally, deceptively, and fraudulently and absent lawful right, legal defense, legal justification, or legal excuse.

28. As a result of the above violations of the TCPA, Plaintiff has suffered the loss and damages set forth above entitling Plaintiff to an award of statutory, actual, and treble damages.

WHEREFORE, Plaintiff, TIFFANY VALENCIA, respectfully prays for a judgment as follows:

    a. All actual damages suffered pursuant to 15 U.S.C. § 1692k(a)(1);

    b. Statutory damages of $1,000.00 for the violation of the FDCPA pursuant to 15 U.S.C. § 1692k(a)(2)(A);

    c. All reasonable attorneys' fees, witness fees, court costs and other litigation costs incurred by Plaintiff pursuant to 15 U.S.C. § 1693k(a)(3);

    d. Statutory damages of $500.00 for each violation of the TCPA, pursuant to 47 U.S.C. §227(c)(5)(B);

    e. Treble damages of $1,500.00 per violative telephone call pursuant to 47 U.S.C. §227(b)(3);

    f. Injunctive relief pursuant to 47 U.S.C. § 227(b)(3);

g. Any other relief deemed appropriate by this Honorable Court.

## **DEMAND FOR JURY TRIAL**

PLEASE TAKE NOTICE that Plaintiff, TIFFANY VALENCIA, demands a jury trial in this case.

                                                RESPECTFULLY SUBMITTED,

                                                KIMMEL & SILVERMAN, P.C..

DATED: 8/16/19            By: */s/ Amy L. Bennecoff Ginsburg*
                                         Amy L. Bennecoff Ginsburg
                                         Kimmel & Silverman, P.C
                                         30 East Butler Pike
                                         Ambler, PA 19002
                                         Telephone: (215) 540-8888
                                         Facsimile (215) 540-8817
                                         Email: aginsburg@creditlaw.com